EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
POONAM G. KUMAR (Cal. Bar No. 270802)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0719
     Facsimile: (213) 894-6269
     Email:    poonam.kumar@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 14-448-MWF |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION |
| v. | Hearing Date: October 3, 2016<br>Hearing Time: 2:30 P.M. |
| FELICIA MUHAMMAD, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Poonam G. Kumar, hereby files its sentencing position with respect to defendant Felicia Muhammad. This sentencing position is supported by attached memorandum of points and authorities, the Presentence Investigation

//

//

1

Report, the files and records in this case, and any further evidence and argument as the Court may permit at the sentencing hearing.

Dated: September 19, 2016                    Respectfully submitted,

                                             EILEEN M. DECKER
                                             United States Attorney

                                             LAWRENCE S. MIDDLETON
                                             Assistant United States Attorney
                                             Chief, Criminal Division


                                                    /s/
                                             POONAM G. KUMAR
                                             Assistant United States Attorney

                                             Attorneys for Plaintiff
                                             UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

On February 19, 2016, defendant Felicia Muhammad ("defendant") was convicted at trial of Counts One through Five of the indictment, each of which charges a violation of 18 U.S.C. §§ 1014 (False Statement to a Financial Institution), 2 (Aiding and Abetting and Causing an Act to be Done).  While a licensed real estate agent and receiving a rental subsidy, defendant applied, over the course of five days in the summer of 2008, for three different loans totaling over $1.3 million so she could purchase three different condominium units.  In each loan application and two separately signed occupancy certifications, defendant falsely represented to three different federally-insured financial institutes that each condo would be her primary residence.  However, defendant never intended to reside in the condos; she lived miles away in Long Beach.  After obtaining the loans, defendant signed each property over to the TKFLO Trust, which was administered by Femi Ogun ("Ogun") and his wife.  All three loans defaulted, all three condos went into foreclosure, and the lenders collectively lost $662,000.  In exchange for her participation in this scheme, Ogun paid defendant $18,000.  A month after the false loan applications, defendant submitted a false loan application to purchase a BMW on behalf of Ogun.

For the reasons set forth below, the government submits that a sentence that includes 30 months of imprisonment and five years of supervised release is justified and appropriate.

## II.   SENTENCING GUIDELINES CALCULATIONS

On May 2, 2016, the United States Probation Office ("USPO") issued its Presentence Investigation Report ("PSR") in this matter.

The USPO calculated the guidelines range as follows:

| | | |
|---|---|---|
| Base Offense Level: | 7 | U.S.S.G. § 2B1.1(a)(1) |
| Specific Offense Characteristics: | | |
| Loss of More than $550,000 But Not More than $1,500,000 | +14 | U.S.S.G. § 2B1.1(b)(1)(H) |
| Adjustments: | | |
| Minor Role | -2 | |
| Total Offense Level | 19 | |

(PSR ¶¶ 26-36.)

The PSR calculated a Guidelines range of 30 to 37 months of imprisonment based on this total offense level of 19 and a criminal history category of I.  The government agrees with the Guidelines calculation in the PSR.  In a recommendation letter disclosed to all of the parties, the USPO recommended a low-end sentence of 30 months and a term of supervised release of five years.

**III. THE RECOMMENDED SENTENCE OF 30 MONTHS IN PRISON IS REASONABLE AND APPROPRIATE UNDER THE 3553(A) FACTORS**

The government recommends a sentence of 30 months of imprisonment, five years of supervised release, no fine, and a mandatory special assessment of $100.  The government's recommendation is appropriate and justified in light of the factors set forth under 18 U.S.C. § 3553(a), namely, the nature and circumstances of the offense, the history and characteristics of defendant, the need for the sentence to reflect the seriousness of the offense and to afford adequate deterrence to criminal conduct, and the need to avoid unwarranted sentencing disparities.

First, the nature and circumstances of the offense are serious. See 18 U.S.C. § 3553(a)(1). In the summer of 2008, defendant participated in a scheme to defraud financial institutions in connection with the sale of condominiums. The government recognizes that defendant was not at the helm of this scheme. However, defendant knowingly assisted the scheme by acting as a straw buyer for three separate properties. At the time she did so, she was a licensed real estate agent. In each loan application she lied and stated she intended to live in the properties, when, in fact, she had no intention of doing so. (PSR ¶ 9, 10.) The mortgages for which she applied totaled over $1.3 million. (PSR ¶ 12.) Given that defendant was unemployed at the time and living in subsidized housing (PSR ¶¶ 10, 21(c)), she knew that she would never apply for these properties with the truth. A month after defendant applied for these loans, defendant applied for a fourth loan to purchase a BMW for Ogun. (PSR ¶ 17.)

However, the circumstances of the offense did not end there. Defendant compounded these lies with additional lies in order to escape responsibility for her participation in the offense. As the government proved at trial, in October 2009, the Long Beach Housing Authority ("LBHA"), the entity which administered the rental subsidy program in which defendant participated, sent defendant a "Notice of Intended Action." (Ex. A (Trial Ex. 38).) The document stated that defendant had violated her obligations under the program, including supplying information, reporting changes, giving true and complete information, and residing only in unit provided by LBHA. (Id.) In response, defendant filed a police report with the Long Beach Police Department ("LBPD") in December 2009 claiming that her identity had

been stolen. (PSR ¶ 16.)  In the initial report to the police, she said had "never [given] anyone permission to obtain" the three loans she had signed for in the summer of 2008.  (Id.)  She told the officer that Ogun had asked her to use her personal information, but that she had "not approve[d] his request."  (Id.)  This was a lie and the police report was false.  In early 2010, prior to her LBHA hearing, defendant went to the police station to obtain copies of the police reports.  During this meeting, defendant, at first, stated she did "not give anyone permission" to apply for the loans, but eventually admitted she had acted as a straw buyer.  (Id. at 17.)  However, during this meeting, defendant still did not admit she had signed any of the loan documents, instead arguing that Ogun's wife had forged her signature.  (Id. at 17.)  It took yet another meeting with the police, on February 2, 2010, for defendant to admit that she had signed all of the loan applications.  (Id. at 18.)  This lying led the USPO to consider enhancing the Sentencing Guidelines for obstruction of justice.  (PSR ¶¶ 34-35.)  At bottom, defendant repeatedly lied for her own personal gain.

Second, defendant's history and characteristics are also relevant.  See 18 U.S.C. § 3553(a)(1).  Defendant is a 45-year-old woman with one prior arrest in her criminal record.  (PSR ¶ 46.)  Three years prior to this offense, defendant obtained her real estate license.  (PSR ¶ 75.)  That license lapsed, but according to the PSR, defendant's license has now been reinstated and expires in July of 2019.  (Id.)  However, it appears as though defendant has had difficulty completely complying with the terms of her pre-trial supervision, including not attending all monthly office visits, not initially submitting paystubs as requested, and not submitting all

4

job logs as required.  (Id. at 4.)  These violations do represent defendant's continued disrespect of the law and suggest that she does not take such obligations seriously.

Third, the government's recommended low-end sentence of probation addresses the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, and protects the public from further crimes of defendant.  See 18 U.S.C. § 3553(a)(2).  Given the instant offense and defendant's history, the government submits that a 30-month term of imprisonment protects the public from further crimes and serves as a deterrent both to defendant and others individuals committing similar offenses.  As set forth above, the offense conduct demonstrates that defendant has not exhibited significant respect for the law. Indeed, she compounded this disrespect by lying to the police in order to avoid taking responsibility for her role in the scheme and not abiding by all of the terms of her pre-trial release.  Such behavior raises significant concerns of recidivism and the need for just punishment in this case.

Lastly, the government concludes, as did the USPO, that there appear to be no factors warranting a departure or variance outside of the applicable Sentencing Guidelines range.  Indeed, defendant's minor role in the offense and the loss attributable to defendant's offense (the potential for which she was aware when signing loan applications for those amounts) are appropriately accounted for in the Sentencing Guidelines range.  As such, the government believes that the correct calculation of the Guidelines range appropriately accounts for all aggravating and mitigating factors, thereby

avoiding unwarranted sentencing disparities with other defendants in similar circumstances as defendant.

## IV. RESTITUTION

As set forth in the PSR, restitution is mandatory in this case pursuant to 18 U.S.C. § 3663A. The government requests that restitution in the amount of $662,000, to be split as set forth in the USPO's recommendation letter, be ordered in this case.

## V. CONCLUSION

For the foregoing reasons, the government believes that the sentence recommended by the government is sufficient, but not greater than necessary, to punish defendant and his crime, promote respect for the law, deter defendant and others from committing similar crimes in the future, and avoid unwarranted sentencing disparities. See generally 18 U.S.C. § 3553(a). The government therefore recommends that the Court sentence defendant to 30 months of imprisonment, a five-year period of supervised release, and a mandatory special assessment of $100.

Dated: September 19, 2016          Respectfully submitted,

                                   EILEEN M. DECKER
                                   United States Attorney

                                   LAWRENCE S. MIDDLETON
                                   Assistant United States Attorney
                                   Chief, Criminal Division

                                          /s/
                                   POONAM G. KUMAR
                                   Assistant United States Attorney

                                   Attorneys for Plaintiff
                                   UNITED STATES OF AMERICA